## GARNER *v.* STATE.

[73 South. 50.]

1. HOMICIDE. *Insanity. Evidence. Criminal law. Capacity. Passion.*

   In a trial for homicide evidence for defendant to prove his insanity should be excluded where, at most, it only tends to prove that defendant was probably excentric, passionate and excitable and where such evidence would not cause any reasonable man to doubt his sanity.

2. SAME.

   Mere frenzy or ungovernable passion is not insanity within the meaning of the law, sufficient to excuse crime.

APPEAL from the circuit court of Tunica county.

HON. W. A. ALCORN, Jr., Judge.

L. C. Garner was convicted of murder and appeals. The facts are fully stated in the opinion of the court.

*Montgomery & Montgomery,* for appellant.

*Ross A. Collins,* Attorney-General, and *Cutrer & Johnston,* for appellee.

COOK, P. J., delivered the opinion of the court.

The evidence in this case establishes, to the exclusion of all reasonable doubt, that the appellant was guilty of murder, unless the evidence offered in his defense

raises a reasonable doubt of his sanity at the time he committed the homicide. All of the evidence to support the theory of insanity was excluded by the trial judge.

We have carefully read the evidence given by all of the witnesses touching the alleged mental incapacity of appellant, and believe that it was properly excluded. At the most, this evidence tends to prove that defendant was probably eccentric, passionate, and excitable, but it is clear to us that no evidence was produced which would cause any reasonable man to doubt his sanity.

The motive and the reason for the homicide is perfectly clear. The defendant believed that the deceased had circulated reports calculated to destroy the reputation of his sister, and, so believing, he took the law in his own hands, and slew her traducer.

It is not for us to say whether or not the deceased did, in fact, circulate the slanderous reports, but we are justified in saying that appellant believed that he did, and acted deliberately when he fired the fatal shot. Mere frenzy or ungovernable passion is not insanity within the meaning of the law. The defendant was evidently controlled by passion and a spirit of revenge, but there is no reason to believe that his mind was diseased; passion controlled his will and motives. The efficient cause of this deplorable tragedy was not insanity. There was no evidence to warrant a doubt of appellant's mental responsibility.

*Affirmed.*